**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| SERVERSIDE GROUP LIMITED and SERVERSIDE GRAPHICS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TACTICAL 8 TECHNOLOGIES, L.L.C., and BANK IOWA CORPORATION, <br><br> Defendants. | No. C 12-2016-MWB <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION IN LIMINE** |

_____

This patent-infringement action alleges infringement by defendants Tactical 8 Technologies, L.L.C., now known as Banno, L.L.C. (Banno), and Bank of Iowa Corporation (BIC), collectively "the Iowa Defendants," of two patents, U.S. Patent No. 7,931,199 (the '199 patent) and U.S. Patent No. 7,946,490 (the '490 patent), both entitled "Computerized Card Production Equipment," owned by plaintiffs Serverside Group Limited and Serverside Graphics, Inc., collectively "Serverside." This case is set for trial to begin on January 21, 2014. This case is now before me on the Iowa Defendants' November 20, 2013, Motion In Limine (docket no. 143). Serverside filed its Resistance To Defendants' Motion In Limine (docket no. 149) on December 11, 2013. The Iowa Defendants filed no reply.

As the parties appear to recognize, much of the Iowa Defendants' Motion In Limine is duplicative or redundant of their September 16, 2013, Motion To Strike (docket no. 137), as it seeks to exclude any expert opinions and testimony that were not disclosed in Serverside's expert reports, including, but not limited to, any reply or

1

rebuttal by Serverside's experts to the Iowa Defendants' expert reports and opinions. While the Iowa Defendants' Motion To Strike only addressed what the Iowa Defendants asserted was the unjustified, belated disclosure of certain additional opinions in a declaration of one of Serverside's experts, Alex Cheng, offered with Serverside's Resistance to their Motion For Summary Judgment, their Motion In Limine also seeks to exclude any reply or rebuttal opinions of a second Serverside expert, Brent K. Bersin, where Mr. Bersin has not offered any opinions or any additional declaration apart from his original report. Serverside points out that I denied the Iowa Defendants' Motion To Strike. Serverside argues that, to the extent that the Iowa Defendants' Motion In Limine seeks to reach beyond the Cheng Declaration, the Iowa Defendants are not seeking to constrain the experts beyond what Rule 26(a)(2)(B)(i) already requires, so that their Motion In Limine is unnecessary. Serverside argues that any objections to the scope of expert testimony can be resolved at trial.

I agree with the parties—or, at least, with Serverside—that much of the Iowa Defendants' Motion In Limine is "mooted" by my disposition of the Iowa Defendants' Motion To Strike in my intervening Memorandum Opinion And Order Regarding Defendants' Motion For Summary Judgment And Motion To Strike Affidavit Of Plaintiffs' Expert (docket no. 144), *published at Serverside Group Ltd. v. Tactical 8 Techs., L.L.C.*, ___ F. Supp. 2d ___, 2013 WL 6448824 (N.D. Iowa Dec. 9, 2013), filed December 9, 2013. To the extent that the Iowa Defendants' Motion To Strike and their Motion In Limine overlap, their Motion In Limine is denied. Notwithstanding that denial, to the extent that the Iowa Defendants can demonstrate to a jury that Mr. Cheng's opinions in his Declaration exceed the scope of opinions properly disclosed in his Report, the Iowa Defendants may request that I "advis[e] the jurors of the discrepancy and instruct[ ] them to take this discrepancy into consideration when weighing [Mr. Cheng's] testimony and credibility." *Shuck v. CNH America, L.L.C.*,

498 F.3d 868, 876 (8th Cir. 2007). Similarly, to the extent that the Iowa Defendants' Motion In Limine exceeds their Motion To Strike, the Motion In Limine is also denied. Again, notwithstanding that denial, to the extent that the Iowa Defendants can demonstrate to a jury that Mr. Bersin's opinions in his trial testimony exceed the scope of opinions properly disclosed in his Report, the Iowa Defendants may request that I "advis[e] the jurors of the discrepancy and instruct[ ] them to take this discrepancy into consideration when weighing [Mr. Bersin's] testimony and credibility." *Id.*

THEREFORE, the Iowa Defendants' November 20, 2013, Motion In Limine (docket no. 143) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 10th day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA